Ophir Johna (SBN 228193)
ojohna@maynardcooper.com
MAYNARD COOPER & GALE, LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
T: (323) 596-4500
F: (205) 254-1999

Attorney for Defendant
PRINCIPAL NATIONAL LIFE INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE VARIAN; MICHAEL VARIAN; and DANIEL VARIAN; and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PRINCIPAL NATIONAL LIFE INSURANCE COMPANY; TODD PATRICK NELSON; and Does 1–100,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Principal National Life Insurance Company ("Principal") removes to this Court the state-court action described below on the grounds set forth below.

## I. BACKGROUND

1. On December 7, 2022, Plaintiffs Diane Varian, Michael Varian, and Daniel Varian ("Plaintiffs") filed a putative class action in the Superior Court of the State of California for the County of Fresno, styled as *Diane Varian; Michael Varian; and Daniel Varian, and All Others Similarly Situated v. Principal National Life Insurance Co., Todd Patrick Nelson and Does 1 through 100*, Case No. 22CECG03913.

2. In the Complaint, Plaintiffs assert three causes of action against Principal: breach of contractual duty to pay a covered claim, breach of the implied covenant of good faith and fair dealing, and violation of California Business & Professions Code § 17200 *et seq.* (*See* Complaint ["Compl."], ¶¶ 62–97.) Plaintiffs also assert a cause of action for negligent misrepresentation against Defendant Todd Patrick Nelson. (*See id.* ¶¶ 98–105.)

3. Plaintiff provided a copy of the Summons and Complaint on December 12, 2022 and sought Acknowledgment of Receipt pursuant to section 415.30 of the California Code of Civil Procedure. A true and correct copy of all process, pleadings, and other documents received by Principal is attached to this Notice of Removal as **Exhibit A**. (Johna Decl., ¶ 2.) Principal returned the Acknowledgment of Receipt on December 30, 2022. A true and correct copy of the Acknowledgement of Receipt is attached as **Exhibit B**. (Johna Decl., ¶ 3.)

4. Plaintiffs filed this putative class action on behalf of the following proposed class:

> All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies issued, delivered or renewed by Principal in the State of California which were in effect at any time on or after January 1, 2013, as to which policies one or more of the required notices described by California Insurance Code §§ 10113.71 and 10113.72 were not sent by Principal and which policies lapsed or were terminated by Principal for the nonpayment of premium, or the beneficiaries were otherwise not conferred the benefits owed under the policies.
>
> As used in the class definition, the "notices described by California Insurance Code §§ 10113.71 and 10113.72" are notice (by first-class United States mail within 30 days after a premium is due and unpaid, at the address provided by the policy owner for purposes of receiving notice of lapse or termination) of pending lapse and termination of a life insurance policy to the named policy owner, a designee named for an individual life insurance policy, and a known assignee or other person having an interest in the

  individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

(Compl., ¶ 48.)

  5. The gravamen of the Complaint is that Principal allegedly violated California Insurance Code §§ 10113.71 and 10113.72 for individual life insurance policies issued or delivered in California since at least January 1, 2013. (Compl., ¶ 47.) The Complaint contends that as a result of Principal's alleged failure to comply with alleged third-party notice requirements in §§ 10113.71 and 10113.72, Plaintiff Diane Varian has not received proceeds from her late-husband Joe Varian's life insurance policy, for which she was the primary beneficiary. (*Id.* ¶¶ 1, 36–44.) The Complaint also alleges that the denial of proceeds has caused both Plaintiff Diane Varian and contingent beneficiaries Plaintiffs Michael Varian and Daniel Varian "to suffer considerable harm, including severe emotional distress and economic losses in amount to be proven at the time of trial." (*Id.* ¶¶ 1, 44.) Based on these allegations, the Complaint asserts causes of action for breach of contractual duty to pay a covered claim, breach of the implied covenant of good faith and fair dealing in insurance policies, and violation of California Business & Professions Code §§ 17200 *et seq.* against Principal.

  6. Solely in their capacity as individuals (and not as putative class representatives), Plaintiffs also bring a cause of action against Nelson for negligent misrepresentation. Plaintiffs allege that Nelson, as an alleged agent of Principal, voluntarily assumed a "special duty" to keep "Joe Varian and the Plaintiffs apprised of all material information needed by them to maintain the coverage provided by the policy" and "breached his statutory duties of disclosure to Plaintiffs under" California Insurance Code §§ 10113.71 and 10113.72. (Compl., ¶¶ 100, 103.)

## II. BASIS OF REMOVAL

  7. This action is removable to this Court, and this Court has jurisdiction, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. §§ 1441(a)–(b) and 1453. This is a putative class action involving more than 100 putative class members, the aggregate amount in controversy exceeds $5,000,000 (excluding interests and costs), and there is minimal diversity.

8. As a separate and independent basis for jurisdiction, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Nelson is fraudulently joined, Plaintiffs are completely diverse from Principal (the only properly joined Defendant), and the amount in controversy exceeds $75,000.

9. All other requirements for removal are satisfied. Thus, removal is proper.

**A.  This Court has jurisdiction under CAFA.**

10. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court when: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

11. This action satisfies CAFA's requirements for federal jurisdiction. In addition, none of the exceptions to CAFA jurisdiction apply here. 28 U.S.C. § 1332(d).

    **a.  *The putative class exceeds 100 members.***

12. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here.

13. Plaintiffs identify a proposed class (Compl., ¶ 54), and they specifically allege that "the proposed Class contains hundreds of members" (*id.* ¶ 51; *see also id.* ¶ 12 (alleging that "hundreds of California policy holders and beneficiaries have lost, and continue to lose, the benefit, value and security of their life insurance")).

14. In addition, as stated in the attached Declaration of John R. Williams ("Williams Decl.," attached as **Exhibit C**), there were more than 100 individual California residents insured under individual life insurance policies in California. (Williams Decl., ¶ 4.) As of December 7, 2022, Principal had in excess of 100 term life, universal life, variable life, and whole life insurance policies that were in-force and premium paying which insure California residents. (*Id.*)

15. Based on Plaintiffs' allegations, theories, and definition of the putative class, therefore, the putative class readily exceeds 100 persons, and 28 U.S.C. § 1332(d)(5)(B) is satisfied.

**b.** *Minimal diversity exists.*

16. The second CAFA requirement is minimal diversity: at least one putative class member and at least one defendant must be citizens of different States. 28 U.S.C. § 1332(d)(5). This requirement is met here.

17. Here, at least one putative class member is a citizen of California: Plaintiff Diane Varian. (Compl., ¶ 1.)

18. The Complaint alleges that Principal is an Iowa corporation with its principal place of business in Iowa. (Compl., ¶ 3.) And Principal is, in fact, incorporated in Iowa with its principal place of business in Iowa. (Williams Decl., ¶ 3.) It is therefore a citizen of Iowa for diversity purposes. 28 U.S.C. § 1332(c)(1).

19. Thus, there is minimal diversity here. 28 U.S.C. § 1332(d)(2).

**c.** *The CAFA amount-in-controversy requirement is satisfied.*

20. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). This requirement is met here. (*See* Williams Decl., ¶ 5.)

21. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). A preponderance of the evidence standard applies. *Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 981–82 (9th Cir. 2013). This burden is not daunting on a removing party, as courts recognize that a "removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (internal quotation marks and citation omitted). The ultimate inquiry is what amount is "in controversy," not what a defendant will actually owe. *Dittmar v. Costco Wholesale Corp.*, No. 14-cv-1156, 2015 WL 7106636, at *2 (S.D. Cal. Nov. 13, 2015) (citing *Korn*, 536 F. Supp. 2d at 1204).

22. The Complaint puts into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members. That is, based on Plaintiffs' allegations and theories (which Principal disputes, but which control for removal purposes), the aggregate amount in controversy for Plaintiffs' proposed class of California policyholders plainly exceeds $5,000,000.

23. Plaintiffs seek to recover economic and noneconomic damages, punitive damages, attorneys' fees, and injunctive relief. (Compl. Prayer for Relief, ¶¶ A–H.) Each of those elements of Plaintiffs' claimed damages must be considered in determining the amount in controversy. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (value of requested injunctive relief).

24. As set forth in the Williams Declaration, over 100 California life insurance policies have been issued and lapsed since January 1, 2013, comprising a total face amount of over $5,000,000. (Williams Decl., ¶ 5.)

25. The Complaint also alleges Plaintiffs did not receive the proceeds from Joe Varian's life insurance policy, which had a face value of $1,000,000. (Compl., ¶ 15.) Plaintiffs allege that not receiving the proceeds from "the policy . . . has caused [Diane Varian], Michael Varian[,] and Daniel Varian to suffer considerable harm, including severe emotional distress and economic losses." (*Id.* ¶ 44.) Plaintiffs contend their claims are representative of other putative class members because Plaintiffs and all class members were damaged by the same alleged wrongful conduct of Principal—such as its alleged failure to satisfy purported third-party notice requirements under California Insurance Code §§ 10113.71 and 10113.72, its alleged breach of its insurance policies, and its alleged bad faith. (*Id.* ¶¶ 52–54.) Coupling these allegations with Plaintiffs' other allegations that (a) Plaintiff Diane Varian is owed the proceeds of a $1,000,000 insurance policy and (b) the proposed Class contains "hundreds of members" (Compl., ¶ 51), the amount in controversy based on Plaintiffs' averments exceeds $5,000,000.

26. In fact, based on Plaintiffs' contention that her claim is typical of the putative class (Compl., ¶ 53)—a contention that Principal disputes but that controls for removal purposes—only four other putative class members would be needed to meet the amount-in-controversy requirement.

27. Accordingly, without even considering requests for punitive damages, attorneys' fees, or injunctive relief, CAFA's amount-in-controversy requirement is satisfied.

28. Aside from contract damages, Plaintiffs seek punitive damages under her second cause of action for breach of the implied covenant of good faith and fair dealing. Principal does not concede that punitive damages would ever be appropriate here, but when punitive damages are available under applicable law, they are considered in determining the amount in controversy. *Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985) (punitive damages recoverable against insurance company that breaches the implied covenant of good faith and fair dealing).

29. Moreover, attorneys' fees are properly included in the amount in controversy when the law authorizes an award of attorneys' fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S*, 142 F.3d at 1156. Here, Plaintiffs specifically demand attorneys' fees. Under California law, a plaintiff may recover attorneys' fees as a form of damages for an insurer's breach of the obligation of good faith and fair dealing. Though Principal disputes Plaintiffs' entitlement to recover any fees, a fair estimate of potential fees is 25% of compensatory damages. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees." (internal quotation marks omitted)).

30. Finally, Plaintiffs seek injunctive relief. The value of that injunctive relief should be included in the total amount in controversy. *Cohn*, 281 F.3d at 840.

31. For these reasons, it is evident that CAFA's $5,000,000 amount-in-controversy requirement is satisfied here.

**B.    This Court also has jurisdiction under 28 U.S.C. § 1332.**

32. This Court also has diversity jurisdiction under 28 U.S.C. § 1332, and therefore Principal may remove this action to this Court under 28 U.S.C. § 1441(b). Both now and at the time of the original

filing of this action, there is complete diversity of citizenship between Plaintiffs and the only properly joined defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a. *Principal is the only properly joined defendant.*

33. As explained above, the named Plaintiffs in this putative class action are alleged to be citizens of California, and Principal is an Iowa corporation with its principal place of business in Iowa. (Compl., ¶¶ 1–3.)

34. Plaintiff's use of fictional defendants, Does 1 through 100, does not destroy diversity or divest this Court of jurisdiction. *See Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.,* No. 15-cv-751, 2015 WL 5646648, at *6 (E.D. Cal. Sept. 24, 2015) ("The Court concludes that where . . . the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes.").

35. Though Plaintiffs allege that Nelson is a licensed agent of Principal authorized to procure and issue life insurance policies to clients in California, Plaintiffs do not allege facts about his citizenship. (*See* Compl., ¶ 4.) To the extent that Plaintiffs intend their allegation about Nelson's licensure as an allegation that Nelson is a citizen of California, his joinder does not preclude diversity jurisdiction because Nelson has been fraudulently joined. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

36. A determination of fraudulent joinder is based on an analysis of the causes of action alleged in the complaint at the time of removal. Under that doctrine, "a defendant's presence in a lawsuit may be ignored for the purposes of determining diversity if the court finds that the plaintiff either fails to state a claim against that defendant or fraudulently states jurisdictional facts." *Early v. Northrop Grumman Corp.*, 13-cv-3130, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) (citations omitted); *see also McCabe*, 811 F.2d at 1339 ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."). Further, a defendant has a right to present facts showing that joinder is fraudulent. *McCabe*, 811 F.2d at 1339.

37.     Nelson's citizenship must be disregarded because there is no possibility that Plaintiffs could establish a cause of action against him. *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir.2001) (affirming finding of fraudulent joinder in a negligent-misrepresentation action); *McCabe*, 811 F.2d at 1339 (affirming finding of fraudulent joinder); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing claims against nondiverse individual insurance agent where agent's relationship to plaintiff arose solely out of negotiation and execution of insurance contract; settled and obvious law provides that agents are not liable on contracts where they fully disclose the existence and identity of their principal).

38.     Plaintiff sued Nelson for negligent misrepresentation. (Compl., ¶¶ 98–105.) Under California law, negligent misrepresentation requires: "(1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance thereon by the party to whom the misrepresentation was directed; and (5) damages." *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 417 (C.D. Cal. 2012) (internal citations omitted).

39.     It is obvious there is no possibility of recovery against Nelson for negligence or negligent misrepresentation; Plaintiffs cannot establish the elements of that claim.

40.     The alleged misrepresentation forming the basis of Plaintiffs' claim against Nelson was Nelson's alleged ongoing "special duty" to keep the Plaintiffs "apprised of all material information needed by them to maintain the coverage provided by the policy in full force." (Compl., ¶ 100.) Without identifying any alleged representation, Plaintiffs state that they relied on Nelson "to keep Joe Varian and the Plaintiffs apprised of all material information needed by them to maintain the coverage provided by the policy in full force." (*Id.* ¶ 104.)

41.     But again, the Complaint does not allege a single misrepresentation of a past or existing fact by Nelson. Plaintiff alleges that as a result of Nelson's "breach of his statutory Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72," Plaintiffs have suffered compensable damage. (Compl., ¶ 105.) But as is readily apparent from the Complaint, Plaintiff's ultimate complaint is that *Principal* allegedly violated California Insurance Code §§ 10113.71 and 10113.72.

That is the focus of the Complaint. This lawsuit has no legal implication against an agent who allegedly made no representation on which Plaintiffs could have justifiably relied. Plaintiffs' damage, if any, is alleged to be from the improper termination of the Policy by Principal—not any alleged negligence or misrepresentation by Nelson. Plaintiffs do not (and cannot) allege that Nelson could have reinstated the Policy after it lapsed, or cured the policy owner's failure to pay his premium.

42. Simply put, Nelson was joined to this litigation for the sole purpose of attempting to defeat diversity, and that effort must not be condoned. Plaintiffs' fraudulent joinder of Nelson does not defeat diversity.

b. *The amount-in-controversy requirement is satisfied.*

43. In the putative class-action context, the amount-in-controversy requirement is satisfied where at least one plaintiff individually meets the $75,000 threshold. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

44. Here, the amount in controversy exceeds $75,000 individually as to the named Plaintiffs.

45. Plaintiffs specifically allege that Principal violated California Insurance Code §§ 10113.71 and 10113.72, which allegedly caused Plaintiffs not to receive the proceeds from Joe Varian's life insurance policy, which had a face value of $1,000,000. (Compl., ¶ 15.) Plaintiffs allege that not receiving "the proceeds from the policy . . . has caused [Diane Varian], Michael Varian, and Daniel Varian to suffer considerable harm, including severe emotional distress and economic losses." (Compl., ¶ 44.)

46. Besides contract damages, Plaintiffs also seek punitive damages, injunctive relief, and attorneys' fees and costs. (Compl. Prayer for Relief, ¶¶ A–H.) As explained above, all these are properly considered when determining the amount of controversy. (*See supra*, ¶¶ 28–30.)

47. When considering the $1,000,000 face value of the policy at issue with Plaintiffs' additional requests for punitive damages, attorneys' fees, and injunctive relief, there is no question that the total amount in controversy exceeds $75,000.

48. Thus, apart from CAFA, this action is also removable under 28 U.S.C. §§ 1332, 1367, and 1441.

**C.    This case is removable under 28 U.S.C. § 1446(b).**

49.    28 U.S.C. § 1446(b) allows for the removal of a civil action within 30 days after receipt by a defendant of a copy of the initial pleading setting forth the claims for relief on which the action is based. *See* 28 U.S.C. § 1446(b)(2)(B)–(C).

50.    As referenced above, Principal returned and executed the Acknowledgement of Receipt on December 30, 2022.

51.    Under California Code of Civil Procedure § 415.30(c), "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed . . . ."

52.    Principal removed this action within 30 days of December 30, 2022. As a result, this Notice of Removal is timely.

**D.    All other removal prerequisites have been satisfied.**

53.    Principal is not a citizen of California.

54.    This is the United States District Court for the district and division embracing Fresno County, California, where the state-court action is pending. *See* 28 U.S.C. §§ 84(b), 1441(a).

55.    In accordance with 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly served on Plaintiffs' counsel and filed with the Clerk of Court of the Superior Court for the State of California in and for the County of Fresno.

56.    As referenced above, a true and correct copy of all process, pleadings, and other documents served on Principal is attached to this Notice of Removal as Exhibit A. (Johna Decl., ¶ 2.).

57.    Principal reserves all—and does not waive any—claims, defenses, and objections that it may have.

58.    If any questions arise about the propriety of the removal of this action, Principal requests the opportunity to submit a brief, present oral argument, and/or conduct jurisdictional discovery in support of the position that this action is removable.

WHEREFORE, Defendant Principal National Life Insurance Company gives notice that this action has been removed from the Superior Court for the State of California for the County of Fresno

to the United States District Court for the Eastern District of California, being the district and division for the county in which this action is pending.

Dated: January 11, 2023

Respectfully submitted,

MAYNARD COOPER & GALE, LLP

/s/ *Ophir Johna*
Ophir Johna

Attorney for Defendant
PRINCIPAL NATIONAL
LIFE INSURANCE COMPANY

# **EXHIBIT C**

EXHIBIT C
13

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE VARIAN; MICHAEL VARIAN; and DANIEL VARIAN; and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL NATIONAL LIFE INSURANCE COMPANY; TODD PATRICK NELSON; and Does 1–100,<br><br>Defendants. | Case No. _____<br><br>**DECLARATION OF JOHN R. WILLIAMS IN SUPPORT OF PRINCIPAL NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL** |

I declare as follows under 28 U.S.C. § 1746:

1. My name is John R. Williams. I am over 21 years old and have personal knowledge of the information in this Declaration.

2. I am currently an Assistant Technical Director – Life Administration for Principal National Life Insurance Company ("Principal"). In that capacity I have personal knowledge of Principal's business and specifically, its post-sale administration function. I have access to and reviewed business records disclosing the information in this Declaration. I have personal knowledge of the facts stated in this Declaration and if called to testify, I would and could competently testify to those facts.

3. Principal is an Iowa corporation with its principal place of business in Des Moines, Iowa. Principal is authorized to transact business in the State of California.

4. Based on my review and analysis of the relevant data, as of December 7, 2022, Principal has in excess of 100 term life, universal life, variable life, and whole life insurance policies that are in-force and premium paying which insure California residents that have been issued since January 1, 2013.

5. Well over 100 California life insurance policies have been issued since January 1, 2013, and have lapsed since January 1, 2013, comprising a total face amount of over $5,000,000.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 10, 2023, in Des Moines, Iowa.

_____
John R. Williams
Assistant Technical Director – Life
Administration for Principal National Life
Insurance Company

- 2 -
Declaration of John R. Williams in Support of Notice of Removal

EXHIBIT C
15

# CERTIFICATE OF SERVICE

*Diane Varian, et al. v. Principal National Life Insurance Co., et al.*

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **January 11, 2023**, I served the document(s) entitled, **NOTICE OF REMOVAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

.

.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **January 11, 2023**, at Los Angeles, California.

_____
Lea Borys

1020793\304578071.v1

# SERVICE LIST

*Diane Varian, et al. v. Principal National Life Insurance Co., et al.*

James P. Wagoner, Esq.
Christina C. Tillman, Esq.
Lejf E. Knutson, Esq.
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile:  (559) 433-2300
Email:  jim.wagoner@mccormickbarstow.corn
         christina.tillman@mccormickbarstow.corn
         lejlknutson@mccormickbarstow.com

*Attorneys for Plaintiffs Diane Varian, Michael Varian, Daniel Varian and the Class of all others similarly situated*