Ophir Johna (SBN 228193)
ojohna@maynardcooper.com
MAYNARD COOPER & GALE, LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
T: (323) 596-4500
F: (205) 254-1999

Attorney for Defendant
PRINCIPAL NATIONAL LIFE INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE VARIAN; MICHAEL VARIAN; and DANIEL VARIAN; and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL NATIONAL LIFE INSURANCE COMPANY; TODD PATRICK NELSON; and Does 1–100,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF OPHIR JOHNA IN SUPPORT OF PRINCIPAL NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL** |

I declare as follows under 28 U.S.C. § 1746:

1.     My name is Ophir Johna. I am an attorney duly licensed to practice law before all courts of the State of California and the United States District Court for the Eastern District of California, as well as an attorney with the law firm Maynard, Cooper & Gale, LLP, attorneys of record for Defendant Principal National Life Insurance Company ("Principal") in this action. The facts stated in this Declaration are true and correct and of my personal knowledge, and if called and sworn as a witness, I could and would competently testify thereto under oath.

2.     Attached as **Exhibit A** is a true and correct copy of all process, pleadings, and other documents received by Principal in the state-court action pending in the Superior Court of the State of California for the County of Fresno, styled *Diane Varian; Michael Varian; and Daniel Varian, and All*

*Others Similarly Situated v. Principal National Life Insurance Co., Todd Patrick Nelson and Does 1 through 100*, Case No. 22CECG03913.

3.      Plaintiffs' counsel sought Acknowledgment of Receipt of the Summons and Complaint under California Code of Civil Procedure § 415.30. Principal executed and returned an Acknowledgment of Receipt on December 30, 2022. A true and correct copy of the executed Acknowledgement of Receipt is attached as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 11, 2023, in Los Angeles, California.

/s/ *Ophir Johna*
Ophir Johna

Attorney for Defendant
PRINCIPAL NATIONAL
LIFE INSURANCE COMPANY

# EXHIBIT A

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PRINCIPAL NATIONAL LIFE INSURANCE CO., TODD PATRICK
NELSON and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DIANE VARIAN, MICHAEL VARIAN and DANIEL VARIAN,
and All Others Similarly Situated

E-FILED
12/7/2022 1:54 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Fresno County Superior Court
1130 "O" Street
Fresno, CA 93721-2220

CASE NUMBER:
*(Número del Caso):* **22CECG03913**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James P. Wagoner #58553, McCormick Barstow, LLP, 7647 N. Fresno St., Fresno, CA 93720, 559-433-1300

DATE: ~~December 7, 2022~~ 12/12/2022
*(Fecha)*

Clerk, by /s/ I. Herrera , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A

4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James P. Wagoner #58553, Lejf E. Knutson #234203<br>McCormick, Barstow, Sheppard, Wayte & Carruth LLP<br>7647 North Fresno Street<br>Frsno, CA  93720<br>TELEPHONE NO.: 559-433-1300     FAX NO.: 559-433-2300<br>ATTORNEY FOR *(Name):* Plaintiffs Diane Varian, Michael Varian, Daniel Varian, et a | FOR COURT USE ONLY<br><br>**E-FILED**<br>12/7/2022 1:54 PM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA  93721-2220
BRANCH NAME:

CASE NAME:
Diane Varian, et al. v. Principal National Life Ins. Co., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CECG03913 |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☒ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 7, 2022

James P. Wagoner
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT A

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3,400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>12/12/2022<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br>**Daniel Varian vs. Principal National Life Insurance Co. / COMPLEX / CLASS ACTION** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**22CECG03913** |

To All Parties and their Attorneys of Record:

James P Wagoner
McCormick Barstow Sheppard Wayte & Carruth LLP
7647 N Fresno St
Fresno CA 93720

> This case has been assigned to **Rosemary McGuire,** Judge for **all purposes.**
> All future hearings will be scheduled before this assigned judge, in **Department 502**

You are required to appear at a Case Management Conference on **04/12/2023** at **3:28 PM** in **Department 502** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **12/12/2022**                          Clerk, by   I. Herrera                                  , Deputy

---

CV-48  R07-21                    **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE**
**OPTIONAL**                              **FOR ALL PURPOSES**

EXHIBIT A

7

1 | McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2 | James P. Wagoner, #58553
*jim.wagoner@mccormickbarstow.com*
3 | Christina C. Tillman, #258627
*christina.tillman@mccormickbarstow.com*
4 | Lejf E. Knutson, #234203
*lejf.knutson@mccormickbarstow.com*
5 | 7647 North Fresno Street
Fresno, California 93720
6 | Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300
7 |

E-FILED
12/7/2022 1:54 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

8 | Attorneys for Plaintiffs Diane Varian, Michael
Varian, Daniel Varian and the Class of all others
similarly situated

9 |

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF FRESNO

12 |

13 | Diane Varian; Michael Varian; and Daniel
Varian, and All Others Similarly Situated

Case No. **22CECG03913**

14 | Plaintiffs,

**CLASS ACTION COMPLAINT FOR:**

15 | v.

**1. BREACH OF CONTRACTUAL DUTY
TO PAY A COVERED CLAIM**

16 | Principal National Life Insurance Co., Todd
Patrick Nelson and Does 1-100

**2. BREACH OF THE IMPLIED
COVENANT OF GOOD FAITH AND
FAIR DEALING**

17 |

18 | Defendants.

**3. VIOLATION OF BUSINESS AND
PROFESSIONS CODE §§ 17200 ET SEQ.**

19 |

20 |

**4. NEGLIGENT MISREPRESENTATION**

21 | Plaintiffs Diane Varian, Michael Varian, and Daniel Varian bring this class-action

22 | Complaint ("Complaint") individually, and on behalf of all others similarly situated, against

23 | Defendants Principal National Life Insurance Company ("Principal") Todd Patrick Nelson

24 | ("Nelson") and Does 1-100 and allege as follows:

25 | 1.        Diane Varian is the primary beneficiary of a Policy of life insurance ("The Policy")

26 | issued to Joe Varian on April 26, 2016, in Fresno County, California which was improperly

27 | terminated by Principal.  Diane Varian is Joe Varian's widow and is a resident of Fresno County,

28 | California.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

1       2.      Plaintiffs Michael Varian and Daniel Varian are the contingent beneficiaries of the

2  Policy issued to Joe Varian. Michael and Daniel Varian are Joe Varian's sons and are residents of

3  Fresno County, California.

4       3.      Defendant Principal is a corporation licensed to conduct the business of insurance in

5  California and which is incorporated under the laws of the State of Iowa with its principal place of

6  business in Des Moines, Iowa.

7       4.      Defendant Nelson is a licensed agent of Principal authorized to procure and issue life

8  insurance policies to clients in California

9       5.      The true names and capacities of Defendants Does 1-100 inclusive are unknown to

10  Plaintiffs who therefore sues said Defendants by such fictitious names pursuant to the provisions of

11  C.C.P. §474.  Plaintiffs are informed and believes and thereon allege that each of the Defendants

12  designated herein by a fictitious name is in some manner legally responsible and liable to Plaintiff

13  for the damages hereinafter referred to and the relief otherwise sought.  Plaintiffs will seek leave of

14  court to amend this Complaint to allege the true names and capacities of the fictitiously named Doe

15  Defendants when ascertained.

16  **VENUE**

17       6.      Defendants Principal and Nelson issued the subject policy to Joe Varian while he

18  was a resident of Fresno County, thereby making this action subject to venue in Fresno County.

19  **NATURE OF THE CASE**

20       7.      Plaintiffs have filed this class action lawsuit because Defendant Principal knowingly

21  and repeatedly violated California law by both refusing to pay or to otherwise confer the benefits

22  owed under the under life insurance policies which it issued, by failing to provide notice of the

23  pending lapses and terminations of coverage as required by California law, instead improperly

24  terminating the coverage afforded under the policies or otherwise declaring the policies to have

25  lapsed, thereby rendering the beneficiaries ineligible to receive any benefits.

26       8.      Under California Insurance Code §§ 10113.71 and 10113.72 which became effective

27  January 1, 2013, life insurance companies such as Principal are required, in addition to giving their

28  policyholders an opportunity to designate a third party to receive notice of a potential lapse of

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1   benefits and termination of the policy for non-payment of a premium ("Designation Requirement"),

2   to also: (a) provide 30 days written notice prior to any lapse of coverage or termination of the policy

3   ("30 Day Notice Requirement"); and (b) provide notice to the third parties required by §§ 10113.71

4   and 10113.72 of any non-payment of a premium prior to terminating any policy ("Third Party Notice

5   Requirement.")

6          9.     The public policy supporting the Third Party Notice Requirement—which were

7   publicly supported by California's Governor, the California Insurance Commissioner and the

8   California Department of Insurance—is to provide consumer safeguards to individuals who have

9   purchased life insurance coverage, and their beneficiaries and other interested parties by protecting

10   consumers from losing insurance coverage due to non-payment of a premium which is missed.

11         10.    The California Legislature also recognized that the beneficiary is often unaware of

12   the circumstances related to any lapse of coverage. Rather, the insurer is fully in control of the

13   documentation and requirements for termination of coverage. As such, California requires strict

14   compliance with all statutory and contractual provisions governing termination of an otherwise in-

15   force policy regardless of the nonpayment of premium. In other words, no lapse or termination for

16   failure to pay a premium is effective, and the policy remains in force, even if premiums are unpaid,

17   unless and until all statutory and contractual provisions are satisfied.

18         11.    Principal has repeatedly and intentionally failed to adhere to the Third Party Notice

19   Requirement.

20         12.    As a result, based on information and belief, hundreds of California policyholders

21   and beneficiaries have lost, and continue to lose, the benefit, value and security of their life

22   insurance; have been, and continue to be, forced into unnecessary reinstatements; and in many

23   instances have lost all reasonable access to any insurance at all. Ultimately, Principal, on information

24   and belief, has robbed hundreds of their customers and beneficiaries of their investments in such

25   policies, including policy benefits as well as the security intended to be provided by such insurance.

26         13.    Plaintiffs Diane Varian, Michael Varian and Daniel Varian are a few of the many

27   beneficiaries that have been damaged by Principal's unlawful conduct.

28         14.    Principal improperly terminated the Policy it had issued to Joe Varian—Diane

3

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1   Varian's husband and Michael and Daniel Varian's father—who died on December 10th, 2020 due

2   to acute respiratory failure from COVID-19 and refused to pay benefits due and owing to Plaintiffs

3   under the Policy.

4   **FACTUAL BACKGROUND**

5       15.     In 2012, Assembly Bill 1747 was passed by the California Legislature which enacted

6   Insurance Code §§ 10113.71 and 10113.72.

7       16.     California Insurance Code §§ 10113.71 and 10113.72 went into effect on January 1,

8   2013 (the "Effective Date") and established, among other things, the Designation, 30-day Notice

9   and Third Party Notice requirements for life insurance policies.

10      17.     With respect to California Insurance Code §§ 10113.71 and 10113.72, the California

11  Supreme Court recently held in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021) that the

12  statutes apply retroactively regardless of the issuance date of the life insurance policy. The statutes

13  are regulatory in nature and are not limited in their application to only policies first issued or

14  delivered after January 1, 2013. Rather, they apply to all policies in existence as of January 1, 2013

15  or at any time thereafter.

16      18.     The mandates of California Insurance Code §§ 10113.71 and 10113.72 include the

17  Third Party Notice Requirement, which requires life insurers to provide notice to the statutorily-

18  required third parties of non-payment of a premium prior to any lapse of coverage or terminating

19  any policy.  Additionally, California Insurance Code §§ 10113.71 and 10113.72 mandate that no

20  lapse or termination is effective unless all the provisions are strictly complied with. The provisions

21  are applicable individually and severally to all life insurance policies governed by California law.

22      19.     More specifically, California Insurance Code § 10113.71 provides, in pertinent part,

23  as follows:

24          (b)(1) A notice of pending lapse and termination of a life insurance policy shall not

25          be effective unless mailed by the insurer to the named policy owner, a designee

26          named pursuant to Section 10113.72 for an individual life insurance policy, and *a*

27          *known assignee or other person having an interest in the individual life insurance*

28          *policy*, at least 30 days prior to the effective date of termination if termination is for

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

11

1    nonpayment of premium.

2    ****

3    (3) Notice shall be given to *the policy owner and to the designee* by first-class United

4    States mail *within 30 days after a premium is due and unpaid.* However, notices

5    made to assignees pursuant to this section may be done electronically with the

6    consent of the assignee.

7    ***

8    California Insurance Code § 10113.72 provides in relevant part as follows:

9    (a) An individual life insurance policy shall not be issued or delivered in this state

10   until the applicant has been *given the right to designate at least one person, in*

11   *addition to the applicant, to receive notice of lapse or termination of a policy for*

12   *nonpayment of premium.* The insurer shall provide each applicant with a form to

13   make the designation. That form shall provide the opportunity for the applicant to

14   submit the name, address, and telephone number of at least one person, in addition

15   to the applicant, *who is to receive notice of lapse or termination of the policy for*

16   *nonpayment of premium.*

17   (b) The insurer shall notify the policy owner annually of the right to change the

18   written designation or designate one or more persons. The policy owner may change

19   the designation more often if he or she chooses to do so.

20   (c) No individual life insurance policy shall lapse or be terminated for nonpayment

21   of premium unless the insurer, at least 30 days prior to the effective date of the lapse

22   or termination, gives notice to the policy owner and to the person or persons

23   designated pursuant to subdivision (a), at the address provided by the policy owner

24   for purposes of receiving notice of lapse or termination. Notice shall be given by

25   first-class United States mail within 30 days after a premium is due and unpaid.

26   20.    Despite its actual knowledge of California Insurance Code §§ 10113.71 and

27   10113.72 and their mandates, Principal has failed to comply with their provisions by ignoring the

28   statutes' express Third Party Notice Requirements.

5

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

21.     To this day, Principal continuously and knowingly disregards California Insurance Code §§ 10113.71 and 10113.72 with respect to life insurance policies such as the one issued to Joe Varian.

22.     As a result of Principal's disregard of the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72, Principal has improperly terminated policies and refused to pay out proceeds which are due and owing to the beneficiaries of such improperly terminated policies.

23.     As a result of Principal's disregard of the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72, Principal has improperly terminated policies and has also refused to pay out benefit payments, interest, investment benefits, cash surrender values, retirement benefits, disability benefits, cost of living increases, overloan protections, has failed to provide waivers of premiums, accelerated death benefits and death benefit guarantees, and has prevented policyholders from obtaining the tax advantages of their policies and investments.

24.     By intentionally disregarding the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72 and improperly terminating policies in violation of those provisions, Principal has: (1) unreasonably, intentionally, willfully and maliciously misconstrued the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72, taking as its official, corporate position that those requirements effectively apply only to "named policy owner" or "a designee named pursuant to Section 10113.72," thereby ignoring the statute's use of the common conjunction "and" as well as the statue's specific designation of "a known assignee or other person having an interest in the individual life insurance policy" as classes of persons specifically entitled to notice under the statutory mandates of Insurance Code § 10113.71(b)(1).  (*See In re C.H.* (2011) 53 Cal.4th 94, 101 ["The ordinary and usual usage of 'and' is as a conjunctive, meaning 'an additional thing,' 'also' or 'plus'"] [citing *Amerigraphics, Inc. v. Mercury Casualty Co.* (2010) 182 Cal.App.4th 1538, 1551–1552]); (2) unreasonably, intentionally, willfully and maliciously deprived its policyholders and their beneficiaries of the benefits due and owing to them under the improperly terminated policies; thereby (3) subjecting its policyholders and their beneficiaries to cruel and unjust hardship in conscious disregard of their rights under both

6

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND NEGLIGENT MISREPRESENTATION

EXHIBIT A

13

1   the policies and the California Insurance Code.  Given Principal's intentional, willful and malicious

2   disregard of the Third Party Notice Requirements as applied to all members of the proposed class,

3   plaintiffs' punitive damage claims are suitable for class certification since those claims are the

4   subject of a "question [of] common or general interest" to "many persons" and/or "the parties are

5   numerous and it is impracticable to being them all before the court," such that the Plaintiffs "may

6   sue … for the benefit of all." (See C.C.P. §382.)

7       25.    The policy issued by Principal to Joe Varian—for which Plaintiffs are

8   beneficiaries—is one example.

9       26.    In or around April 2016, Joe Varian sought to purchase a life insurance policy.

10  Through a registered representative, Todd Nelson, Joe Varian secured the Policy from Principal

11  which provided a $1 million "face amount" death benefit.

12      27.    In the Policy, Joe Varian designated "Diane Varian, spouse, if living" as the

13  beneficiary of his policy benefits.  He further designated as contingent beneficiaries "Michael

14  Varian and Daniel Varian, sons equally or to the survivor" if Diane Varian was not living at the time

15  of his death.  By operation of these designations and their relationships with Joe Varian, Diane

16  Varian, Michael Varian and Daniel Varian were all persons with an interest in the Policy pursuant

17  to California Insurance Code §10110.1(a).

18      28.    The Policy required premium payments to be made annually in the amount of

19  $23,007.77.

20      29.    On April 26, 2016, Joe Varian made a premium payment of $23,007.77 to Principal.

21  Again, on September 18, 2017, Joe Varian made a second premium payment of $23,007.77 to

22  Principal. After the second premium payment was paid on September 18, 2017, no further premium

23  payments were made by Joe Varian.

24      30.    Through correspondence dated September 28, 2020, Principal provided a notice to

25  Joe Varian only which stated his life insurance policy "has entered a grace period and will terminate

26  on 11/29/2020 if . . . payment . . . is not received . . . ."

27      31.    Joe Varian became ill with the COVID-19 virus in late October of 2020.

28      32.    According to the October 28, 2020 correspondence to Joe Varian from Principal, if

7

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

14

1   the required payment of $3,217.42 was received in Principal's home office no later than November

2   29, 2020, the Policy would remain in force. A copy of the correspondence is attached hereto as

3   Exhibit A.

4        33.    Through the correspondence dated October 28, 2020, Principal also provided a notice

5   to Joe Varian which stated "we have still not received payment . . . . Your policy will terminate if

6   no action is taken."  However, no notice was provided to either Diane Varian, Michael Varian or

7   Daniel Varian of the pending lapse in coverage or termination of the policy should the premium not

8   be paid.

9        34.    On November 4, 2020, Joe Varian became so ill with COVID-19 that he was taken

10   by ambulance to the hospital.

11        35.    Plaintiffs duly performed each and every condition precedent imposed on both Joe

12   Varian and the Plaintiffs by the Policy, or in the alternative, were excused from doing so by virtue

13   of Principal's failure to comply with its legal obligations.

14        36.    On November 29, 2020, Principal terminated coverage under the Policy for the

15   alleged non-payment of the premiums.

16        37.    This termination of the Policy violated the terms of California Insurance Code

17   §§ 10113.71 and 10113.72.

18        38.    Through correspondence dated December 7, 2020, Principal provided a notice to Joe

19   Varian which stated that "Notification was recently sent to the policy owner that the above

20   referenced policy was in danger of terminating. Because Joe Varian was in the hospital, he never

21   saw that correspondence.  Since the requested premium was not received, the policy terminated on

22   November 29, 2020. As a result, no further correspondence or statements will be sent unless the

23   policy is reinstated." A copy of this correspondence is attached hereto as Exhibit B.

24        39.    Less than two weeks after Principal terminated the Policy, Joe Varian died of acute

25   respiratory failure on December 10, 2020 after contracting the COVID-19 virus.

26        40.    At no time prior to the termination did Principal provide Diane Varian, Michael

27   Varian and/or Daniel Varian with 30 day prior written notice of termination as required by California

28   Insurance Code §§ 10113.71(b)(1), (3) and 10113.72(c).

8

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

41.     At no time prior to the termination did Principal satisfy the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72 prior to the Policy's termination.

42.     After Joe Varian's death, Diane Varian contacted Principal and submitted a claim for benefits. Principal denied the claim on January 26, 2021, stating that no benefits were payable on the Policy because it had terminated prior to Joe Varian's death.

43.     As confirmed by correspondence on behalf of Principal on January 26, 2022, February 18, 2022, April 7, 2022, May 3, 2022 and September 6, 2022, Principal previously took and still takes the position that the Third Party Notice requirements of California Insurance Code §§ 10113.71 and 10113.72 are inapplicable and that it was and is entitled to disregard the express Third Party Notice requirements because the Policy information was "confidential" and the additional Third Party Notice statutory notice requirements applicable to "a known assignee or other person having an interest in the individual life insurance policy" were, in effect, meaningless surplusage.

44.     As a result of the denial, Diane Varian has not received the proceeds from the Policy, which has caused her, Michael Varian and Daniel Varian to suffer considerable harm, including severe emotional distress and economic losses in amounts to be proven at the time of trial.

45.     Principal failed to substantially, let alone strictly, comply with any of the mandates of California Insurance Code §§ 10113.71 and 10113.72. Due to each and every violation of these statutes, the lapse in coverage and termination of the Policy was void and ineffective. As such, the Policy remained in force through Joe Varian's death on December 10, 2020 and is currently in full force. As such, benefits are owed under the terms of the policy as well as under California law. *See Bentley v. United of Omaha Life Ins. Co.,* 371 F.Supp.3d 723, 739 (C.D.Cal. 2019)

**CLASS ACTION ALLEGATIONS**

46.     Plaintiffs bring this suit as a class action to hold Principal accountable for its violations of the law which have severely harmed and will continue to harm numerous families such as Diane Varian's if not stopped.

47.     Plaintiffs are informed and believes that Principal has not, since at least January 1, 2013, properly complied with the provisions of California Insurance Code §§ 10113.71 and

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND NEGLIGENT MISREPRESENTATION

EXHIBIT A

1   10113.72. Since that time, Principal has failed and continues to fail to provide these protections to

2   policy owners, assignees and their beneficiaries as a matter of standard policy.

3        48.     Plaintiffs bring this action on behalf of themselves and all persons and entities

4   similarly situated pursuant to C.C.P. § 382.  Specifically, Plaintiffs bring this action on behalf of the

5   following class, which is subject to refinement based on information learned during discovery:

6            All beneficiaries who made a claim, or would have been eligible to make a

7            claim, for the payment of benefits on life insurance policies issued, delivered or

8            renewed by Principal in the State of California which were in effect at any time on or

9            after January 1, 2013, as to which policies one or more of the required notices

10           described by California Insurance Code §§ 10113.71 and 10113.72 were not sent by

11           Principal and which policies lapsed or were terminated by Principal for the

12           nonpayment of premium, or the beneficiaries were otherwise not conferred the

13           benefits owed under the policies.

14           As used in the class definition, the "notices described by California Insurance

15           Code §§ 10113.71 and 10113.72" are notice (by first-class United States mail within

16           30 days after a premium is due and unpaid, at the address provided by the policy

17           owner for purposes of receiving notice of lapse or termination) of pending lapse and

18           termination of a life insurance policy to the named policy owner, a designee named

19           for an individual life insurance policy, and a known assignee or other person having

20           an interest in the individual life insurance policy, at least 30 days prior to the effective

21           date of termination if termination is for nonpayment of premium.

22       49.     Excluded from the Class are: a) Principal; b) any entity in which Principal has a

23   controlling interest; c) Principal's officers, directors, and employees; d) Principal's legal

24   representatives, successors, and assigns; e) governmental entities; and f) the Court to which this case

25   is assigned.

26       50.     Subject to additional information to be obtained through further investigation and

27   discovery, the foregoing class definition may be expanded or narrowed by amendment or amended

28   complaint, or at the time of moving for class certification.

10

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

17

51.     On information and belief, the Class is readily identifiable from information and records in Principals' possession.  Plaintiffs are informed and believes, and on that basis alleges that the proposed Class contains hundreds of members. The precise number is unknown to Plaintiffs. The true number of members is known or ascertainable to Principal, as are their identities. Thus, Class members may likely be notified of this action by first class mail, electronic mail, and/or by published notice.  As a result, the numerosity requirements for a class action under C.C.P. §382  are satisfied in this case since individual joinder of all class members is impractical.

52.     The Plaintiffs and all members of the Class were damaged by the same wrongful conduct of Principal, that is, *inter alia*, its failure its failure to satisfy the Third Party Notice Requirements, its breach of its insurance policies, its bad faith through its wrongful termination and non-payment of proceeds and its unlawful, unfair or fraudulent business practices, all of which are more fully set forth herein.  As a result, the commonality requirements for a class action under C.C.P. §382 are satisfied in this case since resolution of the common contentions as to Principal's statutory notice duties under California Insurance Code §§ 10113.71 and 10113.72 to Plaintiffs and the class members is of such a nature that it is capable of class wide resolution.

53.     The Plaintiffs and all members of the Class were damaged by the same wrongful conduct of Principal, that is, *inter alia*, its failure its failure to satisfy the Third Party Notice Requirements and its breach of its insurance policies and bad faith through its wrongful termination of Policies and non-payment of proceeds.  As a result, the typicality requirements for a class action under C.C.P. §382 are satisfied in this case since the Plaintiffs possess the same interest and suffered the same injury as the proposed class.

54.     The adequacy of representation requirements for a class action under C.C.P. §382 are satisfied in this case since Plaintiffs, having suffered the same injury from the identical conduct of Principal, have interests which are coincident with, and not antagonistic to, those of the other members of the Class.

55.     Questions of law and fact common to members of the Class predominate over questions that may affect only individual class members because, among other things, Principal has acted on grounds generally applicable to the entire Class, thereby making damages with respect to

11

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

the Class as a whole appropriate. Such generally applicable conduct is inherent in Principal's wrongful conduct.

56.  Questions of law and fact common to the Class include, but are not limited to:

- Whether California Insurance Code §§ 10113.71 and 10113.72, in whole or in part, apply to Principal's life insurance policies;

- Whether Principal has failed to satisfy the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72;

- Whether Principal has violated and continues to violate California Insurance Code §§ 10113.71 and 10113.72 by not satisfying the Third Party Notice Requirements;

- Whether Principal breached its life insurance policies by not satisfying the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72;

- Whether Principal engaged in bad faith and breached the duty of good faith and fair dealing by not satisfying the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72;

- Whether Principal breached its life insurance policies by terminating policies and not paying claims despite its failures to satisfy the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72;

- Whether Principal engaged in bad faith and breached its duty of good faith and fair dealing by terminating policies and not paying claims despite not satisfying the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72;

- Whether Principal has engaged in unlawful, unfair and/or fraudulent business practices by (a) failing to provide timely notifications regarding premiums owed and pending lapse of policies issued to Plaintiffs and class members; (b) failing to timely invite Plaintiffs and class members to designate a third party to receive lapse notices; (c) improperly lapsing coverage without notifying third party designees about premiums owed; and (d) failing to abide by California Insurance Code §§ 10113.71 and 10113.72 at all times after their enactments;

- The quantum of damages sustained by the Class in the aggregate; and

- Whether Principal acted with malice, fraud and oppression in conscious disregard of the

12

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND NEGLIGENT MISREPRESENTATION

EXHIBIT A

1    rights of the members of the Class by improperly terminating policies in violation of the Third Party

2    Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72, thereby entitling the

3    Class to an award of punitive damages under California Civil Code § 3294 "for the sake of example

4    and by way of punishing" Principal for its intentional, willful and malicious disregard of the statute

5    use of the simple conjunction "and," thereby disregarding the additional Third Party Notice statutory

6    notice requirements applicable to  "a known assignee or other person having an interest in the

7    individual life insurance policy" and instead treating the statutory protection provided to these

8    classes of persons as meaningless surplusage.

9        57.    Treatment of this dispute as a class action under C.C.P. §382  is a superior method

10    for the fair and efficient adjudication of this matter over individual actions. Class treatment will

11    permit a large number of similarly situated persons to prosecute their common claims in a single

12    forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or

13    expense that numerous individual actions would otherwise require. In addition, class treatment will

14    avoid the risk of inconsistency and varying adjudications.

15        58.    The many benefits of proceeding through the C.C.P. §382  class mechanism,

16    including providing injured persons or entities a method for obtaining redress on claims which could

17    not practicably or cost effectively be individually pursued substantially outweighs any potential

18    difficulties—which Plaintiffs do not anticipate—in management of this case as a class action.

19        59.    Unless the Class is certified, Principal will retain monies received because of its

20    conduct which is directly adverse to the interests of Plaintiffs and the class members.  Unless a

21    Class-wide injunction is issued, Principal will continue to commit the violations alleged and

22    members of the Class will continue to be harmed.

23        60.    Plaintiffs know of no difficulty likely to be encountered in the management of this

24    litigation which would preclude its maintenance as a Class Action pursuant to under C.C.P. §382 .

25    Because the action is brought as a Class Action, the Court need only apply a single set of California

26    laws as they relate to Defendants' violations of California Insurance Code §§ 10113.71 and

27    10113.72.

28        61.    Principal's tortious conduct reasonably compelled Plaintiffs to retain attorneys to

13

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1  obtain benefits due under the Policy, thereby causing Plaintiffs to reasonably incur expenses for

2  attorney's fees and costs in bringing this action to compel payment of the Policy benefits. Thus,

3  since attorney's fees are an economic loss—damages—proximately caused by Principal's bad faith

4  in failure to pay benefits, Principal is liable for that loss. *Brandt v. Superior Court* (1985) 37 Cal.3d

5  813, 817.   Moreover, these attorney's fees and costs will result in a benefit to each of the members

6  of the Class.

7                                      **FIRST CAUSE OF ACTION**

8                 **BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM**

9               **(BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS, AGAINST**

10                                     **PRINCIPAL AND DOES 1-100)**

11          62.    Plaintiffs refer to all preceding paragraphs and incorporates them as though set forth

12  in full in this cause of action.

13          63.    Principal issued life insurance policies, including the Policy issued to Joe Varian,

14  which were binding contracts, to the policyholders identified in the Class.

15          64.    Principal breached, and continues to breach, the terms of such life insurance

16  policies—including its policy with Joe Varian, which Diane Varian, Michael Varian and Daniel

17  Varian have the right to enforce as the beneficiaries of the policy—by, *inter alia*, the following acts

18  and/or omissions:

19          (a)    Failing to properly and lawfully notify "a designee named pursuant to Section

20          10113.72 for an individual life insurance policy, and a known assignee or other person

21          having an interest in the individual life insurance policy""—including Diane Varian,

22          Michael Varian and Daniel Varian—about the impending and eventual termination of the

23          subject policies for non-payment of a premium as required by the Third Party Notice

24          Requirement of California Insurance Code §§ 10113.71 and 10113.72;

25          (b)    Failing to abide by California Insurance Code §§ 10113.71 and 10113.72 at

26          all times after their Effective Date; and

27          (c)    Improperly terminating and refusing to pay benefits to the Class members—

28          including Plaintiffs—despite not satisfying the Third Party Notice Requirements of

14

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1     California Insurance Code §§ 10113.71 and 10113.72.

2     65.     All of the aforementioned conduct constitutes material, unexcused breaches of the
3 policies. To the extent any contractual obligations, duties, or conditions are imposed on
4 policyholders and/or on beneficiaries, those obligations, duties, and conditions have been waived
5 and/or have been excused due to Principal's material breaches. After each material breach, each
6 policy owner was thus excused from the further tendering of premiums and from any further
7 performance under the terms of the Policies.

8     66.     Principal's conduct caused injury based upon the false, wrongful and inadequate
9 terminations of coverage, devaluing the policy, and ultimately in refusing the pay the claim.

10     67.     To the extent any policyholders and/or beneficiaries have failed to comply with any
11 payment conditions or other conditions for the continuation of insurance, Principal is estopped to
12 assert such conditions due to its conduct and material breaches.

13     68.     As a direct and proximate result of Principal's breaches of its life insurance policies,
14 the Class—including Plaintiffs—have sustained direct damages in the form of emotional distress
15 and economic losses, as well as other foreseeable and incidental damages, in amounts to be
16 determined according to proof at the time of trial, plus interest.

17     **SECOND CAUSE OF ACTION**
18 **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN**
19 **INSURANCE POLICIES**
20 **(BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST**
21 **PRINCIPAL AND DOES 1-100)**

22     69.     Plaintiffs refer to all preceding paragraphs in this Complaint and incorporates them
23 as if set forth in full in this cause of action.

24     70.     In every insurance policy there exists an implied covenant of good faith and fair
25 dealing that the insurance company will not do anything to injure the right of the insured(s) and
26 beneficiaries to receive the full benefit of the policy.

27     71.     Principal breached the duty of good faith and fair dealing it owed to the policyholders
28 and beneficiaries identified in the Class, including its policy with Joe Varian, which Plaintiffs, as

15

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

**EXHIBIT A**

1   the beneficiaries of the Policy, have the right to enforce.

2       72.     Principal breached its duty of good faith and fair dealing and engaged in bad faith

3   by, *inter alia*, the following acts and/or omissions:

4       (a)     Failing to properly and lawfully notify "a designee named pursuant to Section

5       10113.72 for an individual life insurance policy, and a known assignee or other person

6       having an interest in the individual life insurance policy"—including Diane Varian, Michael

7       Varian and Daniel Varian—about the impending and eventual termination of the subject

8       policies for non-payment of premiums as required by the Third Party Notice Requirement

9       of California Insurance Code § 10113.72;

10      (B)     Failing to abide by California Insurance Code §§ 10113.71 and 10113.72 at

11      all times after their Effective Dates; and

12      (C)     Improperly terminating the respective policies and unreasonably refusing,

13      without proper cause, to pay benefits to the Class members—including Plaintiffs—despite

14      not satisfying the Third Party Notice Requirements of California Insurance Code

15      §§ 10113.71 and 10113.72.

16      73.     As a direct and proximate result of Principal's breaches of its duty of good faith and

17  fair dealing, the Class—including Plaintiffs—have sustained direct damages, as well as other

18  foreseeable and incidental damages, in amounts to be determined according to proof at the time of

19  trial, plus interest.

20      74.     As a further direct and proximate result of the unreasonable, bad faith conduct of

21  Principal, the Class—including Plaintiffs—were compelled to retain legal counsel to institute

22  litigation to obtain the full and fair benefit of the insurance for which they are beneficiaries. Principal

23  is liable for that expense since attorney's fees are an economic loss—damages—proximately caused

24  by Principal's bad faith in failure to pay benefits. *Brandt v. Superior Court*, 37 Cal.3d 813, 817

25  (1985).  Moreover, these attorney's fees and costs will result in a benefit to each of the members of

26  the Class.

27      75.     Principal's failure to comply with California Insurance Code §§ 10113.71 and

28  10113.72 was intended to cause injury and/or was despicable conduct carried out with a willful and

16

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1   conscious disregard of the rights of the Class, including Plaintiffs.

2       76.     Principal had knowledge of Insurance Code §§ 10113.71 and 10113.72 and

3   nevertheless willfully chose to withhold benefits due to the Class, including Plaintiffs.

4       77.     Principal engaged in a course of conduct to further its own economic interests and in

5   violation of its obligations to Plaintiffs. This conduct includes, but is not limited to that conduct

6   alleged in this complaint and also the following:

7           (a)     Refusing to pay insurance benefits to which a reasonable person would have

8           believed Plaintiffs were entitled to receive;

9           (b)     Unreasonably refusing to pay policy benefits to Plaintiffs in bad faith,

10          knowing Plaintiffs' claim for benefits under the policy to be valid;

11          (c)     Compelling Plaintiffs to incur legal expenses to obtain insurance benefits

12          which Principal knew or reasonably should have known were owed to Plaintiffs;

13          (d)     Unreasonably delaying fully paying the benefits for which Plaintiffs were

14          beneficiaries; and

15          (e)     Unreasonably, knowingly and deliberately failing to comply with California

16          law by not providing the required Third Party Notice Requirements mandated by California

17          Insurance Code §§ 10113.71 and 10113.72 despite having full knowledge of those

18          provisions.

19      78.     Principal engaged in socially unacceptable conduct by withholding benefits due to

20  Plaintiffs and the Class, and therefore benefitting itself through the retention of the policy amounts.

21      79.     California Insurance Code §§ 10113.71 and 10113.72 became effective on January 1,

22  2013. As of the date of the filing of this Complaint, Principal had yet to comply with the well-

23  established requirements of California Insurance Code §§ 10113.71 and 10113.72.

24      80.     Said conduct subjected the Class, including Plaintiffs, to cruel and unjust hardship in

25  conscious disregard of their rights and/or was an intentional misrepresentation, deceit or

26  concealment of material facts known to Principal with the intent to deprive the Class, including

27  Plaintiffs, of property, legal rights or to otherwise cause injury.

28      81.     Principal's conduct constitutes malice, oppression or fraud under California Civil

17

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1  Code § 3294, thereby entitling the Class, including Plaintiffs, to punitive damages in an amount

2  appropriate to punish or set an example of Principal.

3  **THIRD CAUSE OF ACTION**

4  **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.**

5  **(BY PLAINTIFFS INDIVIDUALLY, AND ON BEHALF OF EACH CLASS MEMBER,**

6  **AGAINST PRINCIPAL AND DOES 1-100)**

7      82.    Plaintiffs refers to all preceding paragraphs of this Complaint and incorporates them

8  as if set forth in full in this cause of action.

9      83.    Plaintiffs and each Class member suffered substantial injury and economic harm as

10  described above by and through defendant's unlawful, unfair, and/or fraudulent business practices.

11      84.    California Business and Professional Code § 17200 provides:

12          "As used in this chapter, unfair competition shall mean and include any

13          unlawful, unfair, or fraudulent business act or practice and unfair, deceptive,

14          untrue or misleading advertising and any act prohibited by Chapter 1

15          (commencing with § 17500) of Part 3 of Division 7 of the Business and

16          Professions Code."

17      85.    Defendants engaged in unlawful, unfair, and/or fraudulent business practices

18  pursuant to California Business and Professions Code §§ 17200 *et seq.* by:

19          (a)    Failing to provide timely notifications regarding premiums owed and pending

20  lapses of the policies at issue to Plaintiff and Class members;

21          (b)    Failing to properly and lawfully notify requisite interested third parties about

22  the impending and eventual lapses of Plaintiff's and Class member's policies;

23          (c)    Improperly lapsing coverage without notifying requisite interested third

24  parties about premiums owed;

25          (d)    Failing to abide by California Insurance Code §§ 10113.71 and 10113.72 at

26  all times after their enactment; and

27          (e)    Other acts or omissions of which Plaintiff is presently unaware but which will

28  be shown according to proof at trial.

18

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

86.     The unlawful, unfair and fraudulent practices alleged above are continuing in nature and are widespread. Specifically, upon information and belief, Plaintiff and Class members believe and thereon allege that Principal's failure to comply with California Insurance Code §§ 10113.71 and 10113.72 is a systemic failure within the corporate practice and procedure at Principal, and thus presents a continuing threat of future harm to class members.

87.     Further, Plaintiffs and each Class member were and are aggrieved parties, and have suffered injury in fact and lost money or property as a result of defendants' unlawful, unfair, and/or fraudulent business practices. Plaintiff and each Class member have sustained consequent economic injury and harm as alleged herein. As such, the claims of Plaintiff and each Class member meet the requirements of California Proposition 64, which went into effect on November 3, 2004.

88.     California Business and Professions Code § 17203 permits the court in an action based on allegations of unfair competition to issue injunctive, restitutionary and other equitable relief.

89.     Plaintiffs Diane Varian, Michael Varian, and Daniel Varian are each "person[s]" within the meaning of California Business and Professions Code § 17204 and therefore have standing to bring this cause of action for injunctive relief, restitution and other appropriate equitable relief.

90.     Plaintiffs respectfully request an injunction be issued against Principal to enjoin it from continuing to engage in the unlawful conduct alleged herein. Specifically, Principal should be ordered to comply with California Insurance Code §§ 10113.71 and 10113.72 such that currently-lapsed policies will be reinstated and that other Class members will not in the future suffer the irreparable harm of not having their policy benefits paid as the time of loss because of not being informed of the lapse of their policies.

91.     Pursuant to *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 178, and *Walnut Creek Manor v. Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 263, restitution should be compelled for any unlawfully withheld quantifiable sums which Principal owes to Plaintiffs and the Class members. Plaintiffs and the Class members have suffered economic harm through Principal's withholding of policy benefits. Plaintiffs' and the Class members' policy

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1   benefits are quantifiable amounts of money, which are due to Plaintiffs and the Class members from

2   Principal to compensate for the pecuniary loss directly resulting from Principal's violation of

3   California Insurance Code §§ 10113.71 and 10113.72.

4       92.    Plaintiffs, the general public, and the members of the Class are entitled to restitution

5   of the money or property acquired by Defendant by means of such business practices, in amounts

6   yet unknown, but to be ascertained at trial. Examples of this lost money acquired illegally by

7   Principal include un-refunded premiums, withheld benefits, remaining cash values which were

8   insufficient to cover the outstanding premium, and diminution in the value of policies.

9       93.    Principal's acts of unfair competition present a continuing threat to the public's

10   livelihood, welfare and finances, and, in the event Plaintiff and Class members do not prevail on

11   contractual theories, Plaintiffs and Class members will have no adequate remedy at law.

12   Accordingly, unless Principal is permanently enjoined and restrained by order of the court, it will

13   continue to commit acts of unfair competition and will continue to cause irreparable harm and injury

14   to the public.

15       94.    Plaintiffs respectfully request the court to order any other and further equitable relief

16   deemed necessary by the court, including restitutionary relief, as a result of the unfair, unlawful and

17   fraudulent practices alleged herein.

18       95.    Further, Plaintiffs and each Class member are not required to exhaust all other

19   remedies prior to pursuing the remedies afforded by California Business and Professions Code

20   § 17200. Pursuant to California Business and Professions Code § 17205, these statutory remedies

21   are "cumulative to each other and to the remedies or penalties available under all other laws of this

22   state."

23       96.    Diane Varian, Michael Varian, and Daniel Varian seek to enforce important rights

24   affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

25       97.    Plaintiffs respectfully requests an award of attorney fees upon prevailing in this

26   request for injunctive relief.

27   / / /

28   / / /

20

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

**FOURTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION (BY PLAINTIFFS INDIVIDUALLY AGAINST DEFENDANT NELSON AND DOES 1-100)**

98.     Plaintiffs refers to all preceding paragraphs of this Complaint and incorporates them as if set forth in full in this cause of action.

99.     As the designated agent of Principal, Defendant Nelson was bound to all statutory notice requirements as was Principal including, but not limited to, the Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72.

100.     Defendant Nelson in his position as the agent for Principal who procured the subject policy voluntarily assumed a "special duty" to keep Joe Varian and the Plaintiffs apprised of all material information needed by them to maintain the coverage provided by the policy in full force.

101.     By virtue of his position as the agent of Principal who procured the subject life insurance policy on behalf of Joe Varian, Defendant Nelson was aware of Principal's intention to cancel the subject policy for non-payment of premium as indicated by its October 28, 2020 notice to Joe Varian.

102.     By virtue of his position as the agent of the agent of Principal who procured the subject life insurance policy on behalf of Joe Varian, Defendant Nelson was aware of Plaintiffs entitlement to notice of the pending cancellation of the subject policy under the statutory Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72.

103.     Notwithstanding his knowledge as the agent of Principal who procured the subject life insurance policy on behalf of Joe Varian, his awareness of Plaintiffs entitlement to notice of the pending cancellation of the subject policy under the statutory Third Party Notice Requirements of California Insurance Code §§ 10113.71 and 10113.72 and his voluntarily assumed "special duty" to keep Joe Varian and the Plaintiffs apprised of all material information needed by them to maintain the coverage provided by the policy in full force, Defendant Nelson breached his statutory duties of disclosure to Plaintiffs under those same code sections.

104.     By virtue of his position as the agent of the agent of Principal who procured the subject life insurance policy on behalf of Joe Varian and due to his voluntary assumption of a

21

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND NEGLIGENT MISREPRESENTATION

EXHIBIT A

28

1  "special duty" to Joe Varian and the Plaintiffs apprised of all material information needed by them

2  to maintain the coverage provided by the policy in full force, Defendant Nelson was aware of

3  Plaintiffs' justifiable reliance on Nelson as the agent of Principal to provide them with all material

4  information with respect to securing and maintaining coverage under the subject life insurance

5  policy, including the payment of premiums due and owing under that policy.

6      105.    As a result of Defendant Nelson's breach of his statutory Third Party Notice

7  Requirements of California Insurance Code §§ 10113.71 and 10113.72 to Plaintiffs, breach of his

8  voluntarily assumed "special duty" to the Plaintiffs and Plaintiffs' justified reliance on Defendant

9  Nelson to provide them with all material information with respect to securing and maintaining

10  coverage under the subject life insurance policy, Plaintiffs have suffered compensable damage in an

11  amount according to proof.

12                              **PRAYER FOR RELIEF**

13      Plaintiffs, on behalf of themselves and each Class member, prays for relief and judgment as

14  follows:

15      A.      As to the first, second and third causes of action, certification of this action as a Class

16  Action pursuant to under C.C.P. §382;

17      B.      For recovery of all benefits under the policies, including restitution for all harm

18  Plaintiffs and each Class member have sustained as a result of Principal's conduct and consequent

19  unlawful retention of quantifiable sums owed to Plaintiffs and other Class Members according to

20  proof at trial;

21      C.      For emotional distress, economic and foreseeable consequential damages against

22  Defendant Principal for breach of contract.

23      D.      For emotional distress, economic and consequential damages, tort damages and

24  punitive damages against Defendant Principal for breach of the implied covenant of good faith and

25  fair dealing;

26      E.      Attorneys' fees and costs against Defendant Principal, including but not limited to,

27  in accordance with C.C.P. § 1021.5;

28      F.      Prejudgment interest in accordance with the rates provided in California Insurance

22

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

1  Code § 10489.4, which governs the interest rates which apply to determine the minimum standard

2  for the valuation of life insurance policies;

3       G.     For an injunction to issue against Principal stopping and remedying the ongoing

4  violations of California Insurance Code §§ 10113.71 and 10113.72, including public injunctive

5  relief; and

6       H.     For punitive damages against Principal as authorized by California Civil Code

7  § 3294;

8       I.     For general and special damages against Defendant Nelson, according to proof; and

9       J.     All other and further relief as this Honorable court deems just and proper.

10  Dated:  December 7, 2022           McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

11

12            By: _____

13            James P. Wagoner

14            Lejf E. Knutson
Christina C. Tillman

15            Attorneys for Plaintiffs Diane Varian,
Michael Varian, Daniel Varian and the Class of all

16            others similarly situated

17  8772459.1

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

23

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED DUTY OF GOOD
FAITH AND FAIR DEALING, VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ. AND
NEGLIGENT MISREPRESENTATION

EXHIBIT A

# Exhibit A

Principal National Life Insurance Company
Principal Securities, Inc.

 **Principal**℠

Individual Life Insurance
711 High Street
Des Moines, IA 50392

**Important Policy Information Enclosed**
000540

JOE P VARIAN
11761 E HERNDON AVE
CLOVIS CA 93611-8553

October 28, 2020

Insured - Joe P Varian
Policyowner - Joe P Varian
Variable Universal Life Income III, Policy Number 5122260

Dear Joe P Varian:

We recently notified you that the life insurance policy shown above had entered a grace period. At this time, we have still not received the payment listed below. Your policy will terminate if no action is taken. If the payment has already been sent, please disregard this notice.

**Important information related to keeping your policy active:**

1. Submit a payment of $3,217.42 so that it is received in our Home Office by no later than 2:59 p.m. CT on 11/29/2020.
2. If this payment is not received, or if we receive less than the amount shown above, your policy will terminate on 11/29/2020.
3. This payment will be used to cover Monthly Policy Charges and will, at a minimum, keep your policy active for the duration of the grace period. Additional payments may be needed to keep your policy active into the future.

**Why did your policy enter into a grace period?** There may be a number of reasons such as:

- Skipped Premium Payment(s)
- Increase in Policy Benefits
- Decrease in Premiums Paid
- Partial Withdrawals or Loans
- Change in Policy Performance

Page 1 of 2

Securities offered through Principal Securities, Inc., (800) 247-9988, member SIPC.
Principal National Life and Principal Securities are members of the Principal Financial Group ®
Home Office: 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431
www.principal.com

100 000001 000000000000023037309707001001 0001453 001 of 001

25

EXHIBIT A

32



Principal National Life Insurance Company
Principal Securities, Inc.

Individual Life Insurance
711 High Street
Des Moines, IA 50392

To make it as simple as possible for you to pay, you can choose from the following payment options:

- Pay online by logging into your account at principal.com
- Call us at 800-247-9988 to make a payment over the phone from your checking account

OR

- Mail a check, made payable to Principal National Life Insurance Company, to the Home Office address listed below or in the enclosed envelope

We're here to help. If you have any questions, please call us at the number listed below. Thanks for choosing Principal® for your insurance needs.

Sincerely,

Individual Life Insurance          Your Financial Representative:
Customer Service                   Igor Ferreira
800.247.9988                       559.688.2900
Mon-Fri 7:00 am - 6:00 pm CT

Enclosure

Securities offered through Principal Securities, Inc., (800) 247-9988, member SIPC.
Principal National Life and Principal Securities are members of the Principal Financial Group ®
Home Office:  711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431
www.principal.com

26

EXHIBIT A

33

# Exhibit B

 **Principal**™

Individual Life Insurance
711 High Street
Des Moines, IA 50392

**Principal National Life Insurance Company**
**Principal Securities, Inc.**

**Important Policy Information Enclosed**

JOE P VARIAN
11761 E HERNDON AVE
CLOVIS CA 93611-8553

December 07, 2020

Insured - Joe P Varian
Policyowner - Joe P Varian
Variable Universal Life Income III, Policy Number 5122260

Dear Joe P Varian:

Notification was recently sent to the policyowner that the above referenced policy was in danger of terminating. Since the requested premium was not received, the policy terminated on November 29, 2020. As a result, no further correspondence or statements will be sent unless the policy is reinstated. This letter explains how to apply for reinstatement of this policy.

To request reinstatement of this policy and its riders, subject to reinstatement provisions:
1. Complete all questions on the enclosed Application for Reinstatement form. Sign and date the Application where indicated.
2. Have the Insured complete, sign, and date the enclosed Authorization for Release of Personal Health Information (HIPAA). Keep the Proposed Insured Copy for your records.
3. Return the forms along with a premium payment of $4,331.12 to our Home Office address listed below. Please make the check payable to Principal National Life Insurance Company.

Reinstatement will be approved if:
1. All the requirements for reinstatement as described above are received; and
2. The Application for Reinstatement is approved by us.

If approved, please note that payment of the above amount may not be sufficient to meet the guarantees provided by this policy. Please refer to the policy for additional information.

If the Application for Reinstatement is not approved, any premiums submitted with the application will be refunded.

Page 1 of 2

Securities offered through Principal Securities, Inc., (800) 247-9988, member SIPC.
Principal National Life and Principal Securities are members of the Principal Financial Group ®
Home Office: 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431
www.principal.com

(1)OA1091sk
L901093TL

28

EXHIBIT A

35


Individual Life Insurance
711 High Street
Des Moines, IA  50392

**Principal National Life Insurance Company**
**Principal Securities, Inc.**

We're here to help.  If you have any questions, please call us at the number listed below.  Thanks for choosing Principal® for your insurance needs.

Sincerely,

Individual Life Insurance
Customer Service
800.247.9988
Mon-Fri 7:00 am - 6:00 pm CT

Your Financial Representative:
Igor Ferreira CFP
559.688.2900

Enclosure

Securities offered through Principal Securities, Inc., (800) 247-9988, member SIPC.
Principal National Life and Principal Securities are members of the Principal Financial Group ®
Home Office:  711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431
www.principal.com

29
EXHIBIT A

36

**Principal**

| Principal Life Insurance Company | P.O. Box 10431 | **Application for** |
| **Principal National Life Insurance Company** | Des Moines, IA 50306-0431 | **Reinstatement** |
| *Members of Principal Financial Group®* | | **Of Policy** |

Only one company is the issuer and responsible for obligations of any given policy and is hereinafter referred to as "the Company".

---

1. a. Proposed Insured _____

   b. Height _____ Weight _____ Occupation _____

   c. Do you use tobacco or nicotine products?

   ☐ Never    ☐ Current    ☐ Past

   d. If current or past, indicate type/amount per day and date

   last used: ☐ Cigarettes _____   ☐ Pipe/Cigar _____

   ☐ Chew    ☐ Patch/Gum

   Date last used _____

   e. Personal doctor _____

   Address _____

   Date last seen _____ Reason _____

   Findings _____

2. Answer questions about spouse if covered by the above policy

   a. Spouse _____

   b. Height _____ Weight _____ Occupation _____

   c. Do you use tobacco or nicotine products?

   ☐ Never    ☐ Current    ☐ Past

   d. If current or past, indicate type/amount per day and date

   last used: ☐ Cigarettes _____   ☐ Pipe/Cigar _____

   ☐ Chew    ☐ Patch/Gum

   Date last used _____

   e. Personal doctor _____

   Address _____

   Date last seen _____ Reason _____

   Findings _____

---

**Answer for all persons who were covered by the above policy (Insured, Spouse, Children, Payor)**

Questions 3-6 relate to the past 5 years.

**Explain "Yes" answers below. List person's name.**

Include diagnosis, treatment, duration, results and name/address of doctor or medical facility.

| | | Yes | No |
|---|---|---|---|
| 3. | Any checkup, diagnostic test, illness or injury? | ☐ | ☐ |
| 4. | Any hospitalization or surgery? | ☐ | ☐ |
| 5. | Any involvement in aviation (airplanes, ultra-lights), racing (sports car, motorcycle, boat, snowmobile), diving (scuba, skin, sky) or hang gliding? | ☐ | ☐ |
| 6. | Has any person had, been treated for or diagnosed as having AIDS? | ☐ | ☐ |
| 7. | Any person now under observation or treatment? | ☐ | ☐ |

---

I represent that all statements in this application are true and complete and were correctly recorded before I signed my name below. These statements are made to induce the Company to reinstate the policy. No reinstatement is effective unless and until:

(1) the Company has approved this application, and
(2) all requirements for reinstatement set forth in the policy have been satisfied.

If reinstatement is not approved, the Company will refund any remittance submitted with this application.

Dated at _____    Date _____
(City)    (State)

Signature of Proposed Insured (if age 10 or over) _____

Signature of Spouse/Payor
(if covered)

Signature of Owner
(if other than Insured)

Signature of Producer
(if completed by direct contact)

AA 836N CA

*This completed document is for restricted use only. No part may be copied nor disclosed without prior consent of The Principal®.*

Page 1

30

EXHIBIT A

 **Principal**

**Principal Life Insurance Company**
**Principal National Life Insurance Company**
*Members of Principal Financial Group®*

| P.O. Box 10431 | *Authorization* |
| Des Moines, IA 50306-0431 | |

Only one company is the issuer and responsible for obligations of any given policy and is hereinafter referred to as "the Company".

I authorize any doctor, hospital, clinic, health care provider, insurance (or reinsuring) company, consumer reporting agency, my insurance agent, employer, family member, friend, neighbor, lawyer, accountant, roommate or business associate having personal information (including physical, mental, drug or alcohol use history) regarding me or any named dependent, to give to the Company, its representatives or reinsurers, any such data.

I authorize the MIB, Inc. to furnish the above data to the Company, its representative or its reinsurers.

I understand that the data obtained by use of this Authorization will be used by the Company to determine eligibility for insurance.

I authorize the Company or its representative to release any such data to its reinsurers, MIB, Inc., or as required by law or as provided in the Notice of Information Practices.

I agree that when signed with an application for coverage, this form shall be valid for two years from the date of this application. When signed for reinstatement of, or request for a change in benefits of a policy, it shall be valid for two years from the date of this form. I may revoke this authorization for information not then obtained. Such revocation must be in writing. It will not be effective until received at the Company's Home Office.

I have received a copy of "Notice of Insurance Information Practices" which includes notice required by any Fair Credit Reporting Act. It also describes MIB, Inc.

I authorize the Company or its representative to conduct a Personal Telephone Interview in connection with my application for insurance.

I agree a photocopy of this form shall be as valid as the original. I have received a copy of this authorization.

Signed at _____   this _____ day of _____ 20 _____
        City        State

_____   _____
Signature of Spouse/Payor (if covered)   Signature of Proposed Insured
                                         (If under Age 15, Signature of Parent)

Policy number _____

**Phone Interview Information**

As part of our routine underwriting procedure, you may receive a phone call from the Home Office in Des Moines. The purpose of this call is to obtain personal and financial information needed to evaluate your insurability. Your answers will be kept strictly confidential. Your cooperation in answering these questions will also help speed up the processing of your application.

If we conduct a Phone Interview, what is the best time to call you? _____
(Our best time is from 7:00 A.M. to 4:30 P.M. CST).

Do you prefer to be interviewed rather than another family member?   ☐ Yes   ☐ No

Home phone number ( _____ ) _____
             Area Code

Business phone ( _____ ) _____
             Area Code

Ok to call you at work?   ☐ Yes   ☐ No

May we talk to your spouse?   ☐ Yes   ☐ No
May we call your spouse at work?   ☐ Yes   ☐ No

Spouse's Business phone ( _____ ) _____
             Area Code

*This completed document is for restricted use only. No part may be copied nor disclosed without prior consent of The Principal®.*

**EXHIBIT A**

 **Principal**

**Principal Life Insurance Company**
**Principal National Life Insurance Company**
*Members of Principal Financial Group®*

P.O. Box 10431
Des Moines, IA 50306-0431

**Authorization**

Only one company is the issuer and responsible for obligations of any given policy and is hereinafter referred to as "the Company".

I authorize any doctor, hospital, clinic, health care provider, insurance (or reinsuring) company, consumer reporting agency, my insurance agent, employer, family member, friend, neighbor, lawyer, accountant, roommate or business associate having personal information (including physical, mental, drug or alcohol use history) regarding me or any named dependent, to give to the Company, its representatives or reinsurers, any such data.

I authorize the MIB, Inc. to furnish the above data to the Company, its representative or its reinsurers.

I understand that the data obtained by use of this Authorization will be used by the Company to determine eligibility for insurance.

I authorize the Company or its representative to release any such data to its reinsurers, MIB, Inc., or as required by law or as provided in the Notice of Information Practices.

I agree that when signed with an application for coverage, this form shall be valid for two years from the date of this application. When signed for reinstatement of, or request for a change in benefits of a policy, it shall be valid for two years from the date of this form. I may revoke this authorization for information not then obtained. Such revocation must be in writing. It will not be effective until received at the Company's Home Office.

I have received a copy of "Notice of Insurance Information Practices" which includes notice required by any Fair Credit Reporting Act. It also describes MIB, Inc.

I authorize the Company or its representative to conduct a Personal Telephone Interview in connection with my application for insurance.

I agree a photocopy of this form shall be as valid as the original. I have received a copy of this authorization.

Signed at _____ _____ this _____ day of _____ 20 _____
          City            State

_____                    _____
Signature of Spouse/Payor (if covered)                Signature of Proposed Insured
                                                      (If under Age 15, Signature of Parent)

Policy number _____

**Phone Interview Information**

As part of our routine underwriting procedure, you may receive a phone call from the Home Office in Des Moines. The purpose of this call is to obtain personal and financial information needed to evaluate your insurability. Your answers will be kept strictly confidential. Your cooperation in answering these questions will also help speed up the processing of your application.

If we conduct a Phone Interview, what is the best time to call you? _____
(Our best time is from 7:00 A.M. to 4:30 P.M. CST).

Do you prefer to be interviewed rather than another family member?  ☐ Yes  ☐ No

Home phone number ( _____ ) _____
                   Area Code

Business phone ( _____ ) _____
               Area Code
Ok to call you at work?     ☐ Yes   ☐ No

May we talk to your spouse?      ☐ Yes   ☐ No
May we call your spouse at work?  ☐ Yes   ☐ No

Spouse's Business phone ( _____ ) _____
                        Area Code

AA 836N CA                    **PROPOSED INSURED COPY**
*This completed document is for restricted use only. No part may be copied nor disclosed without prior consent of The Principal®.*

32

EXHIBIT A

 **Principal**

| **Principal Life Insurance Company**<br>**Principal National Life Insurance Company**<br>*Members of Principal Financial Group®* | P.O. Box 10431<br>Des Moines, IA 50306-0431 | *Notice of Insurance*<br>*Information Practices* |

Only one company is the issuer and responsible for obligations of any given policy and is hereinafter referred to as "the Company".

We appreciate your applying for insurance with our company. This notice explains our information practices. It describes the information we need, possible sources, reasons for collection and how your data is kept confidential. This notice also tells how we process your application. Please keep this notice for your records. The word "you" in this notice means the proposed insured.

**Overview**

Your insurance application contains specific personal questions about you and any named dependents. We need your answers to decide if you qualify for coverage. If you qualify, we determine the coverage for which you are eligible and the cost. This process, known as underwriting, takes into account factors such as physical and mental condition, medical history, job, age, hobbies, and character. Underwriting makes it possible to keep rates fair.

**Sources and Types of Information**

You are the primary source of personal data. We may call you to verify data on your application, or to obtain more data. We may ask you about your age, medical history, job, income, habits, hobbies and other personal characteristics. We may contact other sources for personal data, including: (1) spouse, (2) accountant, (3) lawyer, (5) employer, (6) other persons who know you well, (7) insurance companies to which you may have applied for insurance in the past, and (8) MIB, Inc., (9) governmental agencies, and (9) consumer reporting agencies. We may also contact your doctor, hospital or other health care provider to clarify your medical history. We may ask that you have medical exams and tests.

Proper underwriting of your application may require use of an investigative consumer report. Upon written request we will tell you if a report is made. We will provide the name and address of any outside agency who prepares the report. We will also tell you the nature and substance of the report. It would contain the same types of information that we collect from the other sources listed above. This data may be obtained through interviews with you, your friends, neighbors and associates.

You may request to be interviewed if we request this report. Data collected and retained by a consumer reporting agency may be disclosed to other insurance companies who have proper authorization.

**Our Use Of Information**

We follow strict standards to safeguard your personal information.   It will be seen only by employees and agents of the Company who underwrite and administer your coverage. We may also provide data to: (1) MIB, Inc.; (2) other insurance companies, if you authorize release of the data to them; (3) our reinsurers, if needed to secure reinsurance; (4) federal and state agencies and others if required by law; (5) our research personnel (anonymously) to help market our products.

**Access To Your Data**

Upon your written request, we will provide you with the nature and scope of your personal data in our records. You must be able to give us proper identification. You may be charged a fee for any copies of your data. You have the right to know what information we have on file about you. You have the right to know the specific information leading to an adverse underwriting decision and the source of that information. We reserve the right to disclose medical information only to a doctor, and we will request that you provide us with the name and address of your physician. Within 21 days from the date we receive your request, we will furnish you and/or your doctor the information that we have about you that you are entitled to receive. You have the right to correct or amend any data in your file. Any request for correction or amendment must be in writing. If we agree with you, we will notify anyone to whom we may have given such incorrect data. We will also delete data from your file if we agree that it is incorrect. If we disagree with your correction or amendment, we will give you our reason. You may respond in writing listing the basis on which you dispute the correctness of the data. Your response will be added to your file.

**MIB Pre-Notice**

Information regarding your insurability will be treated as confidential. The Company or its reinsurers may, however, make a brief report thereon to the MIB, Inc, formerly known as Medical Information Bureau, a not-for-profit membership organization of insurance companies, which operates an information exchange on behalf of its Members. If you apply to another MIB Member company for Life or health insurance coverage, or a claim for benefits is submitted to such a company, MIB, upon request will supply such company with the information in its file.

Upon receipt of a request from you, MIB will arrange disclosure of any information it may have in your file. Please contact MIB at 866-692-6901 (TTY866-346-3642). If you question the accuracy of information in MIB's file, you may contact MIB and seek a correction in accordance with the procedures set forth in the federal Fair Credit Reporting Act. The address of MIB's information office is 50 Braintree Hill, Suite 411, Braintree, MA  02184-8734. The Company or its reinsurers, may also release information in its file to other insurance companies to whom you may apply for life or health insurance, or to whom a claim for benefits may be submitted. Information for consumers about MIB may be obtained on its website at www.mib.com.

AA 836N CA
*This completed document is for restricted use only. No part may be copied nor disclosed without prior consent of The Principal®*

 **Principal** | **Principal Life Insurance Company**
**Principal National Life Insurance Company**
*Members of Principal Financial Group®* | P.O. Box 10431
Des Moines, IA 50306-0431 | **Authorization for Release of Personal Health Information – All States**
(Applicable to Individual Life and Disability Insurance Customers)

Only one company is the issuer and responsible for obligations of any given policy and is hereinafter referred to as "the Company".

**This authorization complies with the HIPAA Privacy Rule and permits health care providers and other covered entities to disclose personal health information.**

_____      /      /
Name of Proposed Insured/Patient (please print)                            Date of Birth

I authorize any physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, health care provider, health plan, insurer, and/or any other entity subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) that has provided treatment, service, or coverage to me within the past 10 years to disclose my entire medical record to the Company, its agents, employees, insurance support organizations, reinsurers, and their representatives. This includes information concerning the diagnosis or treatment of Human Immunodeficiency Virus (HIV) infection and sexually transmitted diseases. This also includes information on the diagnosis and treatment of mental illness (excluding psychotherapy notes as defined under HIPAA) and the use of alcohol, drugs, and tobacco. *Statements required by §164.508(c)(1)(ii), (c)(1)(iii).*

I understand my personal health information may be used or disclosed as set forth by this authorization. Protected health information includes information created or received by the Company. Protected health information also includes but is not limited to: hospital records, treatment records/office notes, alcohol or drug abuse treatment, consultation reports, workers' compensation information, diagnosis, prescriptions, test results, vocational testing/counseling information, benefit information, claims information, demographic information, and claims payment information. *Statement required by §164.508(c)(1)(i).*

By my signature, I acknowledge that any agreements I have made to restrict my protected health information do not apply to this authorization and I instruct any physician, health care professional, hospital, clinic, medical facility, other health care provider or health plan, insurer, or other entity subject to HIPAA to release and disclose my medical record without restriction. I understand that my personal information, including my protected health information disclosed under this authorization, will be incorporated into and made a part of any life and/or disability insurance policy(s) issued by the Company in connection with the application(s) for insurance that I have submitted to the Company. I further understand that the policy(s) will be delivered to the policy owner, which may be my employer or other party. The information included and forming a part of such policy(s), including my protected health information, may be disclosed to the policy owner.

I understand that unless prohibited by state and/or federal law the protected health information is to be disclosed under this authorization so that the Company may: 1) underwrite my application for coverage, make eligibility, risk rating, policy issuance and enrollment determinations; 2) obtain reinsurance; 3) administer claims and determine or fulfill responsibility for coverage and provision of benefits; 4) administer coverage; and 5) conduct other legally permissible activities that relate to any coverage I have, have applied for, or may in the future apply for with the Company. *Statement required by §164.508(c)(1)(iv).*

The following groups of persons employed or working for the Company may use my personal health information which is described above: employees of the underwriting, administration, claim or legal departments and any other personnel of the Company, and its authorized representatives, and business associates that perform functions or services that pertain to any coverage I have, have applied for, or may in the future apply for with the Company. *Statement required by §164.508(c)(1)(ii).*

I understand any information disclosed under this authorization may no longer be covered by the privacy provisions of HIPAA and may be subject to redisclosure. *Statement required by §164.508(c)(2)(iii).*

This authorization shall remain in force for 24 months following the date of my signature below, and a copy of this authorization is as valid as the original. *Statement required by §164.508(c)(v).* I understand that I have the right to revoke this authorization at any time. The request for revocation must be in writing and sent to: Life and Disability Underwriting, Life and Health Segment, Principal Life Insurance Company and/or Principal National Life Insurance Company, Des Moines, IA 50392-1780. I understand that a revocation is not effective if the Company has relied on the protected health information disclosed to it or has a legal right to contest a claim under an insurance policy or to contest the policy itself. *Statement required by §164.508(c)(2)(i).* Such revocation shall not apply to any use or disclosure of my protected health information specifically allowed without authorization by HIPAA and no action relating to this authorization shall be construed as creating any restriction on the uses that HIPAA allows without my authorization.

I understand that if I refuse to sign this authorization to release my complete medical record, the Company may not be able to process my application for life and/or disability coverage, or if coverage has been issued, may not be able to make any such benefit payments. *Statement required by §164.508(c)(2)(ii).* Upon receipt of your signed authorization, a copy will be provided to you. *Statement required by §164.508(c)(4).* Any alteration of this form will not be accepted.

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I further understand that My Providers cannot condition treatment, payment, enrollment, or eligibility for benefits on whether I sign this authorization.

_____      /      /
**Signature of Proposed Insured/Patient or Personal Representative**                            **Date**

_____
If you are the personal representative of the proposed insured/patient, describe the scope of your authority to act on this individual's behalf (parent, legal guardian, power of attorney, etc.) on the line above. *Statement required by §164.508(c)(1)(vi).*

DD 6000 UND-3

*Insurance products from the Principal Financial Group® (The Principal®) are issued by*
*Principal National Life Insurance Company (except in New York) and Principal Life Insurance Company.*
*This completed document is for restricted use only. No part may be copied nor disclosed without prior consent of The Principal®.*

Page 1 of 1
05/2017

34

# EXHIBIT A

 **Principal** | **Principal Life Insurance Company** | P.O. Box 10431 | ***Authorization for***
| **Principal National Life Insurance Company** | Des Moines, IA 50306-0431 | ***Release of Personal***
| *Members of Principal Financial Group®* | | ***Health Information –***
| | | ***All States***
| Only one company is the issuer and responsible for obligations of any given | | (Applicable to Individual Life
| policy and is hereinafter referred to as "the Company". | | and Disability Insurance
| | | Customers)

## CLIENT COPY

**This authorization complies with the HIPAA Privacy Rule and permits health care providers and other covered
entities to disclose personal health information.**

_____          /         /
Name of Proposed Insured/Patient (please print)                                    Date of Birth

I authorize any physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, health care provider, health plan, insurer, and/or any other entity subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) that has provided treatment, service, or coverage to me within the past 10 years to disclose my entire medical record to the Company, its agents, employees, insurance support organizations, reinsurers, and their representatives. This includes information concerning the diagnosis or treatment of Human Immunodeficiency Virus (HIV) infection and sexually transmitted diseases. This also includes information on the diagnosis and treatment of mental illness (excluding psychotherapy notes as defined under HIPAA) and the use of alcohol, drugs, and tobacco. *Statements required by §164.508(c)(1)(ii), (c)(1)(iii).*

I understand my personal health information may be used or disclosed as set forth by this authorization. Protected health information includes information created or received by the Company. Protected health information also includes but is not limited to: hospital records, treatment records/office notes, alcohol or drug abuse treatment, consultation reports, workers' compensation information, diagnosis, prescriptions, test results, vocational testing/counseling information, benefit information, claims information, demographic information, and claims payment information. *Statement required by §164.508(c)(1)(i).*

By my signature, I acknowledge that any agreements I have made to restrict my protected health information do not apply to this authorization and I instruct any physician, health care professional, hospital, clinic, medical facility, other health care provider or health plan, insurer, or other entity subject to HIPAA to release and disclose my medical record without restriction. I understand that my personal information, including my protected health information disclosed under this authorization, will be incorporated into and made a part of any life and/or disability insurance policy(s) issued by the Company in connection with the application(s) for insurance that I have submitted to the Company. I further understand that the policy(s) will be delivered to the policy owner, which may be my employer or other party. The information included and forming a part of such policy(s), including my protected health information, may be disclosed to the policy owner.

I understand that unless prohibited by state and/or federal law the protected health information is to be disclosed under this authorization so that the Company may: 1) underwrite my application for coverage, make eligibility, risk rating, policy issuance and enrollment determinations; 2) obtain reinsurance; 3) administer claims and determine or fulfill responsibility for coverage and provision of benefits; 4) administer coverage; and 5) conduct other legally permissible activities that relate to any coverage I have, have applied for, or may in the future apply for with the Company. *Statement required by §164.508(c)(1)(iv).*

The following groups of persons employed or working for the Company may use my personal health information which is described above: employees of the underwriting, administration, claim or legal departments and any other personnel of the Company, and its authorized representatives, and business associates that perform functions or services that pertain to any coverage I have, have applied for, or may in the future apply for with the Company. *Statement required by §164.508(c)(1)(ii).*

I understand any information disclosed under this authorization may no longer be covered by the privacy provisions of HIPAA and may be subject to redisclosure. *Statement required by §164.508(c)(2)(iii).*

This authorization shall remain in force for 24 months following the date of my signature below, and a copy of this authorization is as valid as the original. *Statement required by §164.508(c)(v).* I understand that I have the right to revoke this authorization at any time. The request for revocation must be in writing and sent to: Life and Disability Underwriting, Life and Health Segment, Principal Life Insurance Company and/or Principal National Life Insurance Company, Des Moines, IA 50392-1780. I understand that a revocation is not effective if the Company has relied on the protected health information disclosed to it or has a legal right to contest a claim under an insurance policy or to contest the policy itself. *Statement required by §164.508(c)(2)(i).* Such revocation shall not apply to any use or disclosure of my protected health information specifically allowed without authorization by HIPAA and no action relating to this authorization shall be construed as creating any restriction on the uses that HIPAA allows without my authorization.

I understand that if I refuse to sign this authorization to release my complete medical record, the Company may not be able to process my application for life and/or disability coverage, or if coverage has been issued, may not be able to make any such benefit payments. *Statement required by §164.508(c)(2)(ii).* Upon receipt of your signed authorization, a copy will be provided to you. *Statement required by §164.508(c)(4).* Any alteration of this form will not be accepted.

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I further understand that My Providers cannot condition treatment, payment, enrollment, or eligibility for benefits on whether I sign this authorization.

## Proposed Insured/Patient Copy – Sign Original     /

_____                    _____
Signature of Proposed Insured/Patient or Personal Representative                         Date


If you are the personal representative of the proposed insured/patient, describe the scope of your authority to act on this individual's behalf (parent, legal guardian, power of attorney, etc.) on the line above. *Statement required by §164.508(c)(1)(vii).*

DD 6000 UND-3                                                                                    Page 1 of 1
*Insurance products from the Principal Financial Group® [The Principal®] are issued by*
*Principal National Life Insurance Company (except in New York) and Principal Life Insurance Company.*               05/2017
*This completed document is for restricted use only. No part may be copied nor disclosed without prior consent of The Principal®.*

## EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James P. Wagoner #58553, Christina C. Tillman #258627, Lejf E. Knutson #234203<br>McCormick, Barstow, Sheppard, Wayte & Carruth, LLP<br>7647 N. Fresno, Street<br>Fresno, California 93720<br>TELEPHONE NO: 559-433-1300    FAX NO. *(Optional):* 559-433-2300<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs Diane Varian, Michael Varian, Daniel Varian | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **FRESNO**
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, California 93724
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: DIANE VARIAN; MICHAEL VARIAN; AND DANIEL VARIAN AND ALL OTHERS SIMILARLY SITUATED
DEFENDANT/RESPONDENT: PRINCIPAL NATIONAL LIFE INS. CO. ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22CECG03913 |
|---|---|

TO *(insert name of party being served):* PRINCIPAL NATIONAL LIFE INSURANCE CO.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 12, 2022

_____        ▶  _____
James P. Wagoner                                  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)
(TYPE OR PRINT NAME)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1.  ☒  A copy of the summons and of the complaint.
2.  ☒  Other *(specify):* Civil Case Cover Sheet, and Notice of Case Management Conference and Assignement of Judge for all Purposes.

*(To be completed by recipient):*

Date this form is signed:

_____        ▶  _____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY.        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev  January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
*www.courtinfo.ca.gov*

American LegalNet, Inc
www.USCourtForms.com

EXHIBIT A

43

# **<u>EXHIBIT B</u>**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James P. Wagoner #58553, Christina C. Tillman #258627, Lejf E. Knutson #234203 McCormick, Barstow, Sheppard, Wayte & Carruth, LLP 7647 N. Fresno, Street Fresno, California 93720 | |

TELEPHONE NO: 559-433-1300          FAX NO. *(Optional):* 559-433-2300
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs Diane Varian, Michael Varian, Daniel Varian

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, California 93724
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: DIANE VARIAN; MICHAEL VARIAN; AND DANIEL VARIAN AND ALL OTHERS SIMILARLY SITUATED
DEFENDANT/RESPONDENT: PRINCIPAL NATIONAL LIFE INS. CO. ET AL.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 22CECG03913 |
|---|---|

TO *(insert name of party being served):* PRINCIPAL NATIONAL LIFE INSURANCE CO.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 12, 2022

James P. Wagoner
(TYPE OR PRINT NAME)                    ▶          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Civil Case Cover Sheet, and Notice of Case Management Conference and Assignement of Judge for all Purposes.

*(To be completed by recipient):* December 30, 2022

Date this form is signed:
Ophir Johna, Maynard Cooper & Gale LLP
Counsel for Principal National Life Insurance Company
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                    ▶
ON WHOSE BEHALF THIS FORM IS SIGNED)                                              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                                                                                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

## CERTIFICATE OF SERVICE

***Diane Varian, et al. v. Principal National Life Insurance Co., et al.***

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **January 11, 2023**, I served the document(s) entitled, **DECLARATION OF OPHIR JOHNA IN SUPPORT OF PRINCIPAL NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**:       I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

.

.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **January 11, 2023**, at Los Angeles, California.

_____

Lea Borys

1020793\304578071.v1

## SERVICE LIST

### *Diane Varian, et al. v. Principal National Life Insurance Co., et al.*

James P. Wagoner, Esq.
Christina C. Tillman,Esq.
Lejf E. Knutson, Esq.
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile:  (559) 433-2300
Email:  jim.wagoner@mccormickbarstow.corn
         christina.tillman@mccormickbarstow.corn
         lejlknutson@mccormickbarstow.com

*Attorneys for Plaintiffs Diane Varian, Michael Varian,*
*Daniel Varian and the Class of all others similarly situated*

1020793\304578071.v1