UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE VARIAN, et al., | Case No. 1:23-cv-00051-NODJ-EPG |
| Plaintiffs, | |
| v. | ORDER APPROVING, IN PART, PROPOSED STIPULATED PROTECTIVE ORDER |
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY, et al., | (ECF No. 21) |
| Defendants. | |

This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 21). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" as follows: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement." (ECF No. 21, p. 4).[1]

Such definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection under Federal Rule of Civil Procedure 26(c) and without ever disclosing the types of information at issue as required by Local Rule 141.1(c)(1) (requiring "[a] description of the types of information eligible for protection under

---

[1] For readability, the Court has made minor edits to punctuation and capitalization of some of the parties' quotations without indicating each change.

1

the order, with the description provided in general terms sufficient to reveal the nature of the information (*e.g.*, customer list, formula for soda, diary of a troubled child)").

However, the parties also reference specific categories of information, *e.g.*, underwriting guidelines, claims manuals and procedures, and company manuals in their Good Cause Statement that are sufficiently detailed to comply with Local Rule 141.1(c)(1). Accordingly, the Court will limit the parties' definition of confidential information to those categories specifically identified in this section. (ECF No. 21, p. 2).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 21, p. 7; ECF No. 11, p. 4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 21) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:   **December 11, 2023**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE